

OFFICE OF THE ATTORNEY GENERAL
CONNECTICUT

JOSHUA PERRY
SOLICITOR GENERAL

860-808-5318
Joshua.perry@ct.gov

July 16, 2024

Catherine O'Hagan Wolfe, Clerk of Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    Fed. R. App. P. 28(j) letter
                No. 23-1162, *Nat'l Ass'n for Gun Rts., Toni Theresa Spera Flanigan v. Ned Lamont et al.*
                No. 23-1344, *Eddie Grant et al. v. Ned Lamont et al.*

Dear Ms. Wolfe,

      Defendants-appellees advise this Court of *United States v. Rahimi*, 219 L. Ed. 2d 351 (June 21, 2024) and *Del. State Sportsmen's Ass'n, Inc. v. Del. Dep't of Safety & Homeland Sec.*, No. 23-1633 (3d Cir. July 15, 2024) (DSSA).

      *Rahimi* emphasized three relevant principles. First: Plaintiffs who facially challenge a firearms restriction must prove that "no set of circumstances exists under which" the restriction would be valid. 219 L. Ed. 2d at 364. By contrast, "the Government need only demonstrate" that the challenged restriction "is constitutional in some of its applications." *Id*. Here, Plaintiffs' facial challenges to Connecticut's assault weapons and large-capacity magazine restrictions fail because – among other things – the restrictions apply to uncontestedly bannable weapons like grenade launchers and street sweeper shotguns.

      Second, *Rahimi* rejected Plaintiffs' inflexible mode of historical analysis, explaining that contemporary gun safety laws need only be "consistent with the principles that underpin our regulatory tradition." *Id*. at 357. Connecticut's laws are fully consistent with tradition going back before the Founding.

      Third: while there may be many lawful purposes for carrying arms, *Rahimi* emphasized – contra Plaintiffs – that only one reason is constitutionally relevant: the Second Amendment "secures for Americans a means of self-defense." *Id*. at 362. And neither assault weapons nor LCMs are used, or useful, for self-defense.

      Meanwhile, in *DSSA*, the Third Circuit joined the First and Seventh Circuits in affirming

165 Capitol Avenue
Hartford, Connecticut 06106

*An Affirmative Action/ Equal Opportunity Employer*

gun safety laws that mirror Connecticut's. In *DSSA*, as here, the plaintiffs blurred the *Winter* factors, disdaining any specific showing of irreparable injury and arguing that extraordinary, discretionary relief inevitably flows from likely merits success. Judge Bibas rejected that approach as ahistorical outside the First Amendment context. Going back to Chancery, "that is not how equity works. Preliminary injunctions are not automatic." Instead, plaintiffs seeking to disrupt the status quo and block state gun safety statutes without trial must show concrete and time-sensitive need. Here, as there, Plaintiffs did not even try.

Concurring in *DSSA*, Judge Roth – echoing the District Court here – explained why Delaware's laws are likely constitutional, since neither assault weapons nor LCMs are Second Amendment "bearable arms."

Very truly yours,

Joshua Perry
Counsel for Defendants-Appellees

Word Count: 346
CC: All counsel via ECF