

OFFICE OF THE ATTORNEY GENERAL
CONNECTICUT

June 13, 2025

Catherine O'Hagan Wolfe, Clerk of Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York, 10007

Re: *Grant v. Lamont,* No. 23-1344
Response to Plaintiffs' Letter of Supplemental Authority Pursuant to F.R.A.P. 28(j)

Dear Catherine O'Hagan Wolfe:

Defendants-Appellees respond to Plaintiffs' letter of supplemental authority pursuant to F.R.A.P. 28(j). Plaintiffs vastly overstate dicta from the United States Supreme Court's recent decision in *Smith & Wesson Brands, Inc. v. Estados Unidos Mexicanos*, --- S.Ct. ---, 2025 U.S. LEXIS 2199 (U.S. June 5, 2025) and misdirect this Court in stating it is "dispositive here." Doc. No. 140, Pg. 2. Plaintiffs' assertion is utterly incorrect.

*Smith & Wesson Brands, Inc.* has nothing to do with the Second Amendment and no bearing on this Court's analysis. *See Central Va. Community College v. Katz,* 546 U. S. 356, 363 (2006) (If statement "did not address" the "point now at issue," and was therefore "not fully debated," it is "dicta" and the Court is "not bound to follow" it). The Court examined whether a suit against firearm manufacturers was barred by the Protection of Lawful Commerce in Arms Act ("PLCAA"), 15 U.S.C.S. §§ 7901-7903. The Court considered whether Mexico alleged a predicate exception to the PLCAA. Mexico had to show defendants "aided and abetted" in "the illegal sale of firearms by dealers," which requires "a gun manufacturer (or seller)… mak[es] a false statement about a gun sale's legality or… mak[es] specified criminal sales." *Id.,* at *7-8 (citation omitted). Mexico argued that because defendants made "design and marketing decisions" intended to stimulate cartels' demand, including for "military-style assault weapons, with an eye toward cultivating the criminal market" they were liable for "illegal gun sales." *Id.* at *12. The Court noted these allegations were insufficient partially because such weapons are not "illegal" as required for a predicate exception to the PLCAA, but "are both widely legal and bought by many ordinary consumers." *Id.* at *21.

This case has nothing to do with the PLCAA. The question here is whether Connecticut may prohibit assault weapons in part because they are "dangerous and unusual" weapons unprotected by the Second Amendment. As Defendants showed in their briefing, Plaintiffs cannot meet their burden to demonstrate such weapons are protected by the Second Amendment. Nothing in *Smith & Wesson Brands, Inc.,* changes that.

165 Capitol Avenue
Hartford, Connecticut 06106

*An Affirmative Action/Equal Opportunity Employer*

                                                                         Very truly yours,

                                        *Janelle R. Medeiros*

                                                Janelle R. Medeiros
                                                Assistant Attorney General
                                                James M. Belforti
                                                Assistant Attorney General